Kristanto v. Holder

BIA
A095 149 776
A094 816 870
Ferris, I.J.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of July, two thousand twelve.

PRESENT:
>       ROBERT A. KATZMANN,
>       DEBRA ANN LIVINGSTON,
>       SUSAN L. CARNEY,
>             *Circuit Judges.*

————————————————————————————

EDWIN KRISTANTO, CAHYANING DEWI KARTIKASARI,
>       *Petitioners,*

>                   v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
>       *Respondent.*

11-2573-ag
NAC

————————————————————————————

FOR PETITIONERS:      H. Raymond Fasano, Youman, Madeo, & Fasano, New York, N.Y.

FOR RESPONDENT:       Tony West, Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Tracey N. McDonald, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Edwin Kristanto and Cahyaning Dewi Kartikasari, natives and citizens of Indonesia, seek review of a May 25, 2011 decision of the BIA affirming the June 29, 2009 decision of Immigration Judge ("IJ") Noel Anne Ferris, denying Kristanto's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Edwin Kristanto*, Nos. A095 149 776/A094 816 870(B.I.A. May 25, 2011), *aff'g*, Nos. A095 149 776/A094 816 870(Immig. Ct. N.Y. City June 29, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (internal quotation marks omitted). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency reasonably found that the mistreatment

described by Kristanto was insufficient to rise to the level of past persecution. Kristanto contends that the agency failed to consider his experiences in the aggregate. When determining whether an applicant has demonstrated persecution, the IJ must view events cumulatively, rather than addressing the severity of each event in isolation. *See Manzur v. DHS*, 494 F.3d 281, 290 (2d Cir. 2007). However, here, both the BIA and the IJ properly reviewed the incidents described in his testimony in the aggregate, and reasonably found that Kristanto was not harmed to the degree necessary to reach the high threshold of "persecution," but rather experienced "mere harassment." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). The record shows that Kristanto was never subjected to serious physical or mental harm and, accordingly, he was unable to show that his experiences in Indonesia amounted to past persecution. *See Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (emphasizing that "persecution is an extreme concept that does not include every sort of treatment our society regards as offensive") (internal quotation marks omitted).

Moreover, the agency reasonably relied on State Department country reports in finding that Kristanto failed

3

to demonstrate a well-founded fear of future persecution. *See Tian-Yong Chen v. INS*, 359 F.3d 121, 130 (2d Cir. 2004) (noting that State Department country reports "often provide a useful and informative overview of conditions in the applicant's home country," but they "do not automatically discredit contrary evidence presented by the applicant"). Here, although Kristanto contends that the BIA failed to "balance" the information contained in the country reports with his background evidence, the BIA specifically considered his evidence and rejected it. The BIA reasonably relied on the more recent 2007 country report, rather than the 2006 report submitted by Kristanto, and Kristanto has not indicated how the newspaper articles he submitted are relevant to the area of Indonesia in which he lived, or support his specific claim.

In his brief, Kristanto does not challenge the agency's finding that he failed to present evidence of an individualized claim of future persecution, or the denial of withholding of removal and CAT relief, and he has therefore abandoned any challenge to these findings. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005). Moreover, to the extent that Kristanto has not abandoned his pattern or practice claim, the agency did not

4

err in determining that he failed to establish a pattern or practice of persecution against Chinese Christians in Indonesia. *See Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009). In *Santoso*, we upheld a BIA determination that no such pattern or practice of persecution exists. *Id.* at 112 (taking judicial notice of the fact that "Indonesia is a nation state consisting of approximately 6000 inhabited islands and that, in many places, Roman Catholicism is predominant.").

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5